IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION


NOEL BOONE, etc.,                )
                                 )
        Plaintiff,               )
                                 )
        v.                       )       CIVIL ACTION NO.
                                 )       3:01cv445-MHT
HEALTH STRATEGIES, INC.,         )          (WO)
et al.,                          )
                                 )
        Defendants.              )


PAMELA INGRAM, etc.,             )
                                 )
        Plaintiff,               )
                                 )
        v.                       )       CIVIL ACTION NO.
                                 )       3:01cv446-MHT
HEALTH STRATEGIES, INC.,         )          (WO)
et al.,                          )
                                 )
        Defendants.              )


GLENN BRITTON, etc.,             )
                                 )
        Plaintiff,               )
                                 )
        v.                       )       CIVIL ACTION NO.
                                 )       3:01cv447-MHT
HEALTH STRATEGIES, INC.,         )          (WO)
et al.,                          )
                                 )
        Defendants.              )

```
JANET MATTHEWS,            )
                          )
     Plaintiff,           )
                          )
     v.                   )    CIVIL ACTION NO.
                          )    3:01cv448-MHT
HEALTH STRATEGIES, INC.,  )       (WO)
et al.,                   )
                          )
     Defendants.          )
```

## OPINION

These cases are now on remand from the Eleventh Circuit Court of Appeals for additional factfinding. Plaintiffs Noel Boone, Pamela Ingram, Glenn Britton, and Janet Matthews brought suit in state court against defendants American Hospitality Association (AHA), Health Strategies, Inc., Ronald D. Howard, and Capital Risk Management, Inc., alleging, by way of state-law claims, that the defendants failed to reimburse them properly for insured medical expenses. The defendants removed the cases to federal court, and the plaintiffs moved to remand. This court held that the plaintiffs' state-law claims were 'superpreempted' by the Employee Retirement

2

Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001-1461, and when the plaintiffs failed to amend their complaints to state claims under ERISA their lawsuits were dismissed.  The plaintiffs timely appealed, and the Court of Appeals vacated this court's decision.

This court was directed to conduct, on remand, additional factfinding on a single issue: whether plaintiff Britton is a covered employee under the relevant health plan.  The court set a schedule for discovery and briefing, and its additional factfinding is now complete.  Because this court finds that Britton is a covered employee, the court will reinstate its original decision denying the plaintiffs' motions to remand and dismissing these cases.

## I. BACKGROUND[1]

The plaintiffs are hairstylists who worked at Master's Touch, a hair salon in Alexander City, Alabama. Boone, Ingram, and Matthews were not, strictly speaking, employees of Master's Touch.  They each operated his or her own independent hairstyling business, paying rent to Master's Touch for the privilege of conducting his or her independent business at that location.

Britton, like the others, operated his own independent hairstyling business on the premises of Master's Touch.  But Britton, in addition to operating his own business and unlike the other independent hairstylists, was employed directly by Master's Touch. Britton's mother was the owner of Master's Touch; rather than get involved in the day-to-day business of the company, she paid her son to perform a variety of

---

1.  The factual background of this case is described in more detail in this court's previous opinion, <u>Boone v. Health Strategies, Inc.</u>, 213 F.Supp.2d 1304 (M.D. Ala. 2002) (Thompson, J.), <u>vacated</u>, 97 Fed. Appx. 905 (11th Cir. 2004) (published table decision).

managerial tasks.   Thus, Britton wore two hats: (1)
independent hairstylist renting a chair at Master's
Touch; and (2) loyal son who was paid by his mother to
help run her business.

In 1999, the plaintiffs were in need of a health care
plan.  Britton was told by an insurance agent that when
a business becomes a member of the AHA, employees of the
business can enroll in AHA's group-health-insurance plan.
To that end, Britton (acting on behalf of Master's Touch)
paid an enrollment fee to make Master's Touch a member of
the AHA.   After Master's Touch became a member of the
AHA, all four plaintiffs enrolled in the AHA health plan.

When these lawsuits were removed to federal court,
the plaintiffs sought to avoid ERISA preemption, and
remand their state-law claims to state court, by arguing
that the AHA health plan was not an ERISA plan within the
meaning of that statute.  In order to be an ERISA plan,
the relevant plan must provide benefits to an actual
employee.  Slamen v. Paul Revere Life Ins. Co., 166 F.3d

1102, 1104 (11th Cir. 1999).  Because Master's Touch does not actually employ its hairstylists, the plaintiffs argued, ERISA did not apply.[2]

This court rejected the plaintiffs' argument.  The court agreed with the plaintiffs that Boone, Ingram, and Matthews were not employees.  However, the court applied the common law of agency and concluded that Britton was an employee of Master's Touch.  An ERISA plan exists where even one actual employee is covered by the plan, in which case the rights and remedies of all of the plan's participants and beneficiaries, whether employees or non-employees, are governed by ERISA.  Gilbert v. Alta Health & Life Ins. Co., 276 F.3d 1292, 1303-04 (11th Cir. 2001).  Therefore, this court held, because Britton was an employee, all four plaintiffs' claims were preempted by ERISA.

_____

2.  The plaintiffs also argued that ERISA did not apply because Master's Touch did not "establish or maintain" the plan.  Slamen, 166 F.3d at 1104.  Because this court rejected that argument and the Eleventh Circuit Court of Appeals agreed, it is not relevant to this discussion.

The court accordingly denied the plaintiffs' motions to remand and gave them 14 days to amend their complaints to state claims under ERISA.  The plaintiffs did not amend their complaints, and these cases were dismissed.

On appeal, the Eleventh Circuit agreed with this court's finding that Boone, Ingram, and Matthews were not employees.  The appellate court further agreed that Britton "was employed in some capacity by Master's Touch as per the common law definition of 'employee.'"  <u>Boone v. Health Strategies, Inc.</u>, No. 03-11852, slip op. (doc. no. 42) at 12 (11th Cir. 2004).  However, the appellate court held, it is not enough to show that Britton was an employee.  Rather, an ERISA plan does not exist unless an employee was actually <u>covered</u> by the plan.  Under the AHA plan at issue in this case, only full-time employees who work at least 30 hours per week and "certain employees in a category of permanent status and to be determined by the plan administrator" are eligible for coverage.  <u>Id</u>. Because the record did not establish whether Britton fit

7

into either of these categories of covered employees, the
Eleventh Circuit remanded these cases to this court for
additional factfinding on that issue.


## II. DISCUSSION

To determine whether Britton is an eligible employee
covered by the AHA health plan, the court first examines
the plan documentation and description:

> "All full-time employees regularly
> scheduled to work at least thirty (30)
> hours per work week or certain employees
> in a category of permanent status and to
> be determined by the plan administrator
> shall be eligible to enroll for coverage
> under this Plan.  This does not include
> temporary or seasonal employees."[3]

As the Eleventh Circuit instructed, the court must
determine whether Britton was either a full-time employee
or an eligible permanent employee as determined by the
plan administrator.

_____

3.  AHA Benefit Plan & Summary Plan Description,
J.A.2d Ex. E (doc. no. 48) at 30.

8

## A. Full-Time Employee

The evidence does not support a finding that Britton was a full-time employee regularly scheduled to work at least 30 hours per work week.  Although Britton almost certainly worked more than 30 hours per week for his own independent hairstyling business, the relevant question here is whether he worked more than 30 hours per week for Master's Touch, the AHA member organization from which he would derive his eligibility for health benefits.  The evidence reflects that he spent only a few hours per week performing managerial and administrative tasks for Master's Touch; the vast majority of his working hours was self-employed.[4]  The record also reflects that the time Britton did spend working for Master's Touch was not "regularly scheduled."[5]

---

4.   Deposition of Glenn Britton, J.A.2d Ex. A (doc. no. 48) at 93, 162.

5.   Id. at 163.

## B. Permanent Status and
## Determination by the Plan Administrator

The question, then, is whether Britton was a permanent-status employee eligible for coverage per determination by the plan administrator. The health-plan documentation describes this category of eligibility as

> "certain employees in a category of permanent status and to be determined by the plan administrator. This does not include temporary or seasonal employees."[6]

There are two components to this language. The first component is that the employee must be a permanent employee and not a temporary or seasonal employee. The second component is that the plan administrator must be involved in an eligibility determination of some sort.

### 1.

The court begins with the first component. The evidence reflects that Britton was a permanent employee

---

6. AHA Benefit Plan & Summary Plan Description, <u>supra</u>, at 30.

10

and not temporary or seasonal.  Since 1992 or 1993,
Britton performed various managerial and administrative
tasks to assist his mother in running Master's Touch, and
there has never been an occasion since that time when he
stopped doing those tasks.[7]  Based on Britton's
uncontradicted testimony, the court finds that Britton
was a permanent employee of Master's Touch and was not a
temporary or seasonal employee.


### 2.

The court now turns to the second component, the
'determination' to be made by the plan administrator.
Although it is unclear precisely what it is the plan
administrator is supposed to determine, it is clear that
the plan grants some discretion to the plan administrator
to determine the eligibility of permanent part-time
employees.

---

7.  Britton Depo., _supra_, at 89.

Whenever an ERISA plaintiff challenges the determination of a plan administrator, the question arises as to whether the court should review the plan administrator's determination under a de-novo, arbitrary-and-capricious, or "heightened" arbitrary-and-capricious standard of review. <u>See</u> <u>Williams v. BellSouth Telecomms., Inc.</u>, 373 F.3d 1132, 1138 (11th Cir. 2004); <u>see also</u> <u>Paramore v. Delta Air Lines, Inc.</u>, 129 F.3d 1446, 1451 (11th Cir. 1997). In this case, the court need not determine which standard of review applies, because--as the court explains below--even if the court were to review the plan administrator's determinations de novo, it would find that they are correct as to all aspects of this case.

The plan administrator is the AHA,[8] and the court finds that the AHA's executive director, Ronald D.

_____

8. <u>See</u> AHA Benefit Plan & Summary Plan Description, <u>supra</u>, at 1.

12

Howard, has authority to act on the AHA's behalf.[9]
According to Howard,

> "The AHA Plan was adopted to cover not
> only full-time employees, but also part
> time employees who held permanent, as
> opposed to temporary or seasonal jobs.
> In 1998, when the AHA Plan was adopted,
> I, as Executive Director of the American
> Hospitality Association, the Plan
> Administrator, determined that persons
> holding permanent part time jobs would
> be eligible to participate in the AHA
> Plan.

> "When Glen Britton submitted his
> application for coverage under the Plan,
> I, as the Executive Director of the
> American Hospitality Association, the
> Plan Administrator, determined him to be
> eligible to participate in the Plan."[10]

The court credits this affidavit testimony and finds that

Britton's eligibility was properly determined by the plan

administrator.  The court finds, first, that the plan

administrator determined that all permanent part-time

employees were eligible.  The court also finds that the

_____

9. See, e.g., id. at ii (executive director's
signature adopting the plan).

10. Affidavit of Ronald D. Howard, J.A.2d Ex. B (doc.
no. 48), ¶¶ 7-8 (paragraph numbers omitted).

plan administrator determined that Britton was eligible.
Thus, Britton meets the eligibility criteria and was
covered under the plan.

The plaintiffs contest this evidence, pointing to the
affidavit testimony of Buck King, the insurance agent who
introduced them to the AHA health plan.[11]  King rightly
notes that the application form Britton used to enroll in
the health plan indicates that Britton was self-employed,
not a permanent part-time employee of Master's Touch.
King also states that the AHA was not provided with any
information indicating that Britton was a permanent part-
time employee of Master's Touch, which means that Howard
could not have made the determination that he was
eligible as such an employee.  The defendants respond
that King's testimony should be disregarded because King
has no personal knowledge of what the AHA knew regarding
Britton's employment status.

---

11. Affidavit of Buck King, J.A.2d Ex. D (doc. no.
48).

14

The court need not determine whether the AHA actually knew the details of Britton's employment status. Even if the AHA did not know that Britton was a permanent part-time employee, and even if the plan requires the plan administrator to make an individualized determination that an applicant is eligible for the plan, the plan administrator's alleged lack of knowledge regarding Britton's employment status had no effect on Britton's eligibility under the plan. Given that the plan administrator had already determined that <u>all</u> permanent part-time employees are eligible, providing the plan administrator with more information regarding Britton's employment status could not have changed the plan administrator's determination regarding his eligibility under the plan. The plan administrator would have found that Britton, as a permanent part-time employee, was eligible. In sum, because Britton was a part-time permanent employee of Master's Touch, he was a covered employee under the plan.

15

## C. Employer

The plaintiffs also challenge Britton's eligibility under the plan pursuant to a peculiar provision in the plan document and description's glossary of definitions. According to the plan documentation and description, an "employee" is "[a] person directly involved in the regular business of and compensated for services by the employer."[12]  Then, in a separate entry in the list of definitions, "The employer is American Hospitality Association."[13]  Because Britton is an employee of Master's Touch and is clearly not an "employee" of the AHA, the plaintiffs argue, Britton is not a covered employee under the plan and ERISA therefore does not govern their claims.

The court must reject the plaintiffs' argument. Admittedly, the plan documentation's glossary defines employee as a person compensated by the employer and then

_____

12. AHA Benefit Plan & Summary Plan Description, supra, at 55-56.

13. Id. at 56.

16

defines employer as the AHA.  However, the evidence is overwhelming that the plan is intended to cover employees of AHA member organizations, not just the AHA's direct employees.

The court again refers to the plain administrator's interpretation of the plan.  Howard's affidavit testimony provides as follows:

> "At the time the Plan was adopted in 1998, I, as Executive Director of the American Hospitality Association, the Plan Administrator, interpreted the Plan to allow for the participation of persons whose employers were members of the American Hospitality Association. Coverage was extended to individuals, none of which were employed by the American Hospitality Association, but instead were employed by the employers who became members of the American Hospitality Association."[14]

Howard's affidavit testimony, which the court credits, reveals not only that it was the plan administrator's interpretation of the plan to cover employees of AHA member organizations, but also that it was the

---

14. Howard Aff., _supra_, ¶ 11.

17

longstanding practice and course of dealing under the plan to extend coverage to such persons.

Interpreting the AHA plan to limit eligibility to AHA employees makes even less sense in light of the other paperwork and documentation used by the AHA plan. When the plaintiffs enrolled in the AHA health plan, Britton (on behalf of Master's Touch) completed a form entitled "AHA Group Health Plan Company Participation Agreement," which contains what appears to be the AHA logo at the top of the page.[15] At the bottom of the page is the so-called 'fine print,' which provides, among other things: "The Employer understands, acknowledges and certifies that the American Hospitality Association is the Policyholder of the group insurance policy which will insure Employer's eligible Employees and their eligible Dependents, if approved."[16] That statement would be virtually

_____

15. AHA Group Health Plan Company Participation Agreement, J.A. Ex. A-2 (doc. no. 15) at 3.

16. Id.

18

nonsensical if only AHA employees were eligible for coverage under the AHA health plan.

Britton and the other plaintiffs also completed individual enrollment applications for the AHA plan. Among the information requested of each applicant was his or her "employer."[17]  Again, if the AHA health plan were available only to AHA employees and not to the employees of AHA member organizations, there would be no point in providing a blank space on the enrollment application form asking for the name of the applicant's employer.

In addition, as the defendants note, the statutory language of ERISA itself includes a definition of "employer" that is similarly non-intuitive in the sense that it does not match up with the traditional understanding of that word: "The term 'employer' means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a <u>group or</u>

_____

17. Enrollment Applications, J.A. Ex. A-2 (doc. no. 15) at 4-8.

**association of employers** acting for an employer in such capacity." 29 U.S.C. § 1002(5) (emphasis added).  Under this statutory definition of employer, the AHA is Britton's employer because it is an association of employers of which Master's Touch is a member. Admittedly, this statutory definition of employer does not completely resolve the issue regarding the AHA plan's definitions because Britton is not, under the AHA plan's definition of "employee," an employee of the AHA. However, ERISA's statutory definitions places the AHA plan's definitions in context so as to add credence to the plan administrator's interpretation and course of dealing under the plan.

Based on the evidence, the court finds that employees of AHA member organizations were eligible for coverage under the AHA plan notwithstanding the glossary entry in the plan description that defines "employer" as "American Hospitality Association."

* * *

In sum, the court finds that at least one employee, Glenn Britton, was covered by the AHA health plan. Therefore, the plaintiffs' state-law claims are preempted by ERISA, removal to federal court was proper, and due to the plaintiffs' failure to restate their claims under ERISA their lawsuits must be dismissed.

An appropriate judgment will be entered.

DONE, this the 15th day of August, 2007.

＿＿＿/s/ Myron H. Thompson＿＿＿
UNITED STATES DISTRICT JUDGE